AGNES J. GUNNING, *as Executrix, etc., Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE, *Appellee.*

No. 16,317.

H. A. MENDENHALL, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE, *Appellee.*

No. 16,318.

Appeal from Wyandotte court of common pleas; LEWIS C. TRUE, judge. Opinion denying a petition for a rehearing filed March 22, 1910. (For original opinion, see *Gunning v. Wyandotte County,* 81 Kan. 708.)

*William Needles,* for the appellants.

*Joseph Taggart,* county attorney, for the appellee; *Nathan Cree,* of counsel.

The opinion of the court was delivered by

BENSON, J.: On a petition of the plaintiff for a rehearing it is insisted that there was manifest error in disallowing items of fees claimed in the extradition proceedings. The agreed statement recited that the officer had traveled 434 miles, had been absent from the county on such service five days, and that he had paid out $1 for fees in Missouri. The statute provides for compensation in such cases, as follows:

"For serving under requisition made by the governor, five dollars per day and necessary transportation and board actually paid out for himself and prisoner." (Laws 1899, ch. 141, § 1; Gen. Stat. 1901, § 3031.)

No provision is made for mileage. The allowance by the board appears to have been made up as follows: Five days' services, $25; fees paid, $1; service and return, $1.75; total, $27.75. The following items appear to have been disallowed: Mileage, $43.40; car-fare, officer and prisoners, $10. The agreed statement does not state that this $10 was paid or that it was included in the officer's return. He claimed it in his bill filed with the county clerk and presented to the auditor and the board, but it was not admitted or proved.

The foregoing should be read in connection with that part of the opinion where, referring to the claim for the fees above referred to, it was said that in the absence of any agreement or proof to the contrary it must be presumed that the action of the auditor was supported by the facts.

The correctness of the decision in relation to the effect of the taxation of costs against the county and the necessity of an audit is questioned, and some other criticisms are presented in the petition. All these matters have been reconsidered.

The petitions of both parties for a rehearing are denied.